**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TYRONNE WILLIAMS,<br><br>                Petitioner,<br><br>    v.<br><br>DAVID ORTIZ,<br><br>                Respondent. | Civil Action No. 20-4384 (RBK)<br><br>**MEMORANDUM**<br>**OPINION & ORDER** |

Before the Court is Petitioner's motion to vacate the Court's earlier Order administratively terminating this case. The Court had terminated this matter for Petitioner's failure to pay the filing fee or submit an application to proceed *in forma pauperis*, and his failure to use the proper form. (ECF No. 2).

Petitioner's motion is a rambling twelve-page submission composed almost entirely of random legal words and phrases. The core of Petitioner's motion is that he believes that this Court violated his constitutional rights by terminating this case and "suspending" the writ of habeas corpus.

The Court has not suspended the writ of habeas corpus. Rather, Petitioner appears to challenge the $5.00 filing fee to initiate this case as unconstitutional. This Court, and every Court of Appeals that has considered the prisoner filing fee requirements "has held that the filing fee payment requirements are constitutional." *See, e.g.*, *Hairston v. Gronolsky*, No. 08-1348, 2008 WL 11468221, at *4 (D.N.J. May 8, 2008)(citing *Murray v. Dosal*, 150 F. 3d 814, 818–19 (8th Cir. 1998); *Tucker v. Branker*, 142 F. 3d 1294, 1298 (D.C. Cir. 1998); *Shabazz v. Parsons*, 127 F. 3d 1246, 1248 (10th Cir. 1997); *Norton v. Dimazana*, 122 F. 3d 286, 289–91 (5th Cir. 1997); *Nicholas v. Tucker*, 114 F. 3d 17 (2nd Cir. 1997); *Hampton v. Hobbs*, 106 F. 3d 1281 (6th Cir. 1997); *Roller v. Gunn*, 107 F. 3d 227, 233 (4th Cir. 1997)). If Petitioner was unable to pay the filing fee, he

could have still pursued a writ of habeas corpus, by submitting an application to proceed *in forma pauperis* and establishing that he is indigent.

Petitioner, however, has *already* paid the filing fee, and pending receipt of a petition on the proper form, the Court will reopen this matter. To the extent Petitioner contends that requiring him to submit a petition on the proper form results in an unconstitutional delay that "eviscerates" the writ of habeas corpus, the Court rejects that argument.

As the Supreme Court has held, "28 U.S.C. § 2071 . . . authorizes federal district courts to prescribe local rules of practice and procedure." *Colgrove v. Battin*, 413 U.S. 149, 162 n.18 (1973). All the Local Rule requires is for Petitioner to make a reasonable effort to submit a petition on the proper form. L. Civ. R. 81.2(a). He may even submit his original pleading as an exhibit in support of a proper petition.

Petitioner could complete this process in as little as a few days. Such a delay would not violate the Constitution and it would not "eviscerate" the writ of habeas corpus. For all of those reasons, the Court will deny Petitioner's motion to vacate. The Court will send Petitioner another blank § 2241 petition for Petitioner to complete with all of the claims he wishes to raise in his § 2241 proceeding.

THEREFORE, it is on this __12th__ day of June 2020;

**ORDERED** that the Clerk of the Court shall REOPEN this case for consideration of Petitioner's motion to vacate (ECF No. 3); and it is further

**ORDERED** that Petitioner's motion to vacate (ECF No. 3) is DENIED; and it is further

**ORDERED** that the Clerk of the Court shall send Petitioner a blank § 2241 habeas corpus petition form, AO 242 (12/11); and it is further

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building and U.S. Courthouse,

Fourth and Cooper Streets, Camden, New Jersey, 08101, within 30 days of the date of entry of this Order. Petitioner's writing shall include *a petition on the proper form*; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Opinion & Order upon Petitioner by regular U.S. mail and once again TERMINATE this case.

 s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge